UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Douglas Longhini, et al., | Case No. 2:25-cv-01070-APG-BNW |
| Plaintiffs, | **ORDER** |
| v. | |
| Station Casinos LLC, | |
| Defendant. | |

Before this Court is Defendant's Motion to Stay Discovery. ECF No. 24. Plaintiffs opposed the motion (ECF No. 27), and Defendant replied (ECF No. 30). The parties are familiar with the arguments. As a result, this Court does not repeat them. Instead, this Court will incorporate the arguments as necessary and relevant to this order.

**I.   LEGAL STANDARD**

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). A court may, however, stay discovery under Federal Rule of Civil Procedure 26(c). The standard for staying discovery under Rule 26(c) is good cause.

The Ninth Circuit has not provided a rule or test that district courts must apply to determine if good cause exists to stay discovery. But it has identified one scenario in which a district court may stay discovery and one scenario in which a district court may not stay discovery. The Ninth Circuit has held that a district court may stay discovery when it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). The Ninth Circuit also has held that a district court may not stay discovery when discovery is needed to litigate the dispositive motion. *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993).

Based on this Ninth Circuit law, district courts in the District of Nevada have applied the preliminary peek test to determine when discovery may be stayed. *See, e.g., Kor Media Group, LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013). Under that test, the moving party must meet the following three requirements before the court will stay discovery pending a motion to dismiss: (1) the pending motion must be potentially dispositive; (2) the potentially dispositive motion must be capable of resolution without additional discovery; and (3) after taking a "preliminary peek" at the merits of the potentially dispositive motion, the court must be convinced that the plaintiff will be unable to state a claim for relief. *Id*. at 581. The point of the preliminary peek test is to "evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of [Federal] Rule [of Civil Procedure] 1." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). This Court has found that the preliminary peek test can sometimes be problematic because it can be inaccurate and inefficient. *Schrader v. Wynn Las Vegas, LLC*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *3 (D. Nev. Oct. 14, 2021). Importantly, the application of the preliminary peek test as written (i.e., the Court must be *convinced* after a superficial look at the dispositive motion that the plaintiff cannot state a claim), inevitably leads to few motions to stay discovery being granted, and those are typically baseless cases. *Id.* at * 3–4.

This Court believes a more workable analytical framework exists for determining when motions to stay discovery should be granted. As a result, the test this Court considers is (1) whether the dispositive motion can be decided without further discovery, and (2) whether good cause exists to stay discovery.

Good cause may be established using the preliminary peek test, but it may also be established by other factors not related to the merits of the dispositive motion. For example, in many cases, the movant seeks a stay of discovery to prevent "undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1). In those cases, the movant must establish what undue burden or expense will result from discovery proceeding when a dispositive motion is pending. While good cause may be established based on such non-merits-based considerations, the merits of the case may certainly also play a role in the analysis. In some cases, the merits of the dispositive motion may influence

the decision even if the court is not "convinced" after taking a peek. Ultimately, guided by Federal Rule of Civil Procedure 1, the court is trying to determine "whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Tradebay*, 278 F.R.D. at 603.

"The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

## II. ANALYSIS

### A. Dispositive motion

At the outset, this Court notes that Defendant's motion to dismiss is currently pending. ECF No. 11. While it is true that Plaintiffs have filed for leave to amend their complaint, that motion (1) is also pending and (2) will be decided by the district judge in tandem with the motion to dismiss. Thus, for purposes of this motion, the operative complaint (ECF No. 1) is subject to a motion to dismiss which is potentially dispositive of the case (and which is not moot).

### B. Discovery

By way of background, Defendant's motion to dismiss argues, among other things, that Plaintiffs lack standing because they have not alleged facts demonstrating a case or controversy, given the absence of any injury. Plaintiffs cursorily argue that discovery is needed to "verify facts raised in Defendant's own motion to dismiss." ECF No. 27 at 3. But Plaintiffs do not develop the argument to explain *what* discovery is needed or *why* it is needed to decide the pending motion to dismiss. *See Wildwest Inst. v. Kurth*, 855 F.3d 995, 1007 n.18 (9th Cir. 2017) (holding that because a litigant "did not present sufficient argument on this issue . . . we decline to address it."). Moreover, whether injury, redressability, and future injury has been sufficiently alleged—for purposes of establishing a claim—depends on facts entirely within Plaintiffs' control. And, the district court will also consider the proposed amended complaint (as to which facts are presumed true) to consider whether Plaintiffs have standing. In sum, Plaintiffs have not shown how or why discovery is needed.

### C. Good cause

As discussed above, in making the instant determination this Court may factor the strength of the motion to dismiss even if it is not "convinced" of its outcome. Without prejudging the outcome of that motion, this Court believes the arguments surrounding injury and redressability are strong. Indeed, the issue of redressability is hardly accounted for in the proposed amended complaint. Relatedly, courts are more prone to stay discovery in cases in which the dispositive motion raises issues related to jurisdiction. *Tradebay*, 278 F.R.D. at 603 ("Common situations in which a court may determine that staying discovery pending a ruling on a dispositive motion occur when dispositive motions raise issues of jurisdiction, venue, or immunity.").

Lastly, Defendant explained (and Plaintiffs agree) that part and parcel of discovery in this case is the need to inspect Defendant's hotel and measure/photograph potential violations of the ADA. This is a burdensome and costly enterprise and should not be undertaken until the Court determines the preliminary issue of whether Plaintiffs have standing in this case.

In sum, the totality of factors here favors a stay of discovery.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's motion to stay discovery (ECF No. 24) is **GRANTED**.

DATED: October 22, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE