# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DOUGLAS LONGHINI and ACCESS 4 ALL, INC.,<br><br>    Plaintiffs<br><br>v.<br><br>STATION CASINOS, LLC,<br><br>    Defendant | Case No.: 2:25-cv-01070-APG-BNW<br><br>**Order (1) Granting Defendant's Motion to Dismiss, (2) Denying Defendant's Motion for a More Definite Statement, (3) Denying Defendant's Request for Judicial Notice, and (4) Granting Plaintiffs' Motion for Leave to Amend Complaint**<br><br>[ECF Nos. 11, 12, 14, 21] |

Douglas Longhini, who suffers from cerebral palsy, is an officer of Access 4 All. ECF No. 1 at 2, 3. He visited the Durango Casino & Resort, which he alleges is owned and operated by Station Casinos, LLC. *Id.* at 3. At the Durango, he "encountered architectural barriers" that impeded his full access to the property. *Id.* Longhini and Access sued Station Casinos for violations of the Americans with Disabilities Act (ADA) and the Nevada analogue. *Id.* at 5, 7.

Station Casinos moved to dismiss the plaintiffs' complaint, moved for a more definite statement, and also requested that I take judicial notice of several documents in support of their motions.[1] ECF Nos. 11; 12; 14. The plaintiffs had until August 13, 2025 to respond. ECF Nos. 11; 12. I granted the plaintiffs' motion for an extension of time to respond, which gave them until September 1, 2025. ECF Nos. 15, 16. The plaintiffs did not respond by the deadline. Instead, they filed a motion for leave to amend their complaint on September 2, 2025. ECF No. 17. Magistrate Judge Weksler denied that motion, and the plaintiffs subsequently filed a new

---

[1] For the purposes of this order, I interpret Station Casino's request that I take judicial notice as a motion for judicial notice. In the future, the parties must stylize their filings to comply with Local Rule IA 7-1(b), which requires that "[a]ll communications with the court must be styled as a motion, stipulation, or notice, and must be filed in the court's docket." LR IA 7-1(b).

motion for leave to amend their complaint to address the deficiencies noted by Judge Weksler. ECF Nos. 20; 21.  I grant Station Casino's motion to dismiss and the plaintiffs' motion for leave to amend their complaint.

## I.       MOTIONS TO DISMISS, FOR A MORE DEFINITE STATEMENT, AND FOR JUDICIAL NOTICE

Station Casino moves to dismiss the plaintiffs' original complaint for lack of subject matter jurisdiction and for failure to state a claim.  It argues that it does not own or operate the Durango, but rather NP Durango LLC does.  It also argues that both Longhini and Access lack Article III standing to pursue their claims.

The plaintiffs' failure to file a response to the motion to dismiss "constitutes a consent to the granting of the motion." Local Rule 7-2(d).  Therefore, I dismiss the plaintiffs' ADA and Nevada claims against Station Casino.  Accordingly, I deny Station Casino's motion for a more definite statement and motion for judicial notice as moot.

## II.      MOTION FOR LEAVE TO AMEND THE COMPLAINT

The plaintiffs seek to amend their complaint by removing Station Casino as a defendant, adding NP Durango LLC as a defendant, and adding more details about how the Durango's alleged architectural barriers prevented them from being able to use the amenities at the Durango. ECF No. 21-1.  Station Casino opposes, arguing amendment is futile.

I must "freely give leave" to a plaintiff to amend his complaint "when justice so requires." Fed. R. Civ. P. 15(a).  I am to apply this policy "with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted).  I consider "five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to

2

the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

No party has asserted bad faith. The plaintiffs moved for leave to amend the complaint less than three months after filing their first complaint, so there is no undue delay. This is their first attempt to amend the complaint. There is no prejudice to Station Casino because it will no longer be a defendant in this action after amendment.

Station Casino argues that amendment is futile because the amendments do not cure the plaintiffs' lack of Article III standing. "[L]eave to amend should be denied as futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (simplified). Denying leave to amend due to futility "is rare." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss." *Steward v. CMRE Fin. Servs., Inc.*, No. 2:15-cv-00408-JAD-NJK, 2015 WL 6123202, at *2 (D. Nev. Oct. 16, 2015).

I grant the plaintiffs leave to amend because Station Casino's futility arguments are better addressed through a motion to dismiss raised by the proper defendant in this case: NP Durango LLC. The Ninth Circuit has upheld a denial of leave to amend where the plaintiffs would be unable to establish standing in an amended complaint, but the district court denied leave to amend after finding the plaintiffs lacked standing in its ruling on a motion to dismiss. *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 650-51, 656 (9th Cir. 2017). Here, I have not yet ruled whether the plaintiffs have standing. And without ultimately ruling on the issue, the

plaintiffs' amendments "raise[] a possibility" that they have standing. *Thompson v. Los Robles Reg'l Med. Ctr.*, No. 20-55771, 2020 WL 5002214, at *1 (9th Cir. Oct. 28, 2021).

**III.    CONCLUSION**

I THEREFORE ORDER that Station Casino LLC's motion to dismiss **(ECF No. 11) is GRANTED**.

I FURTHER ORDER that Station Casino LLC's motion for a more definite statement **(ECF No. 12)** and motion for judicial notice **(ECF No. 14) are DENIED as moot**.

I FURTHER ORDER that Douglas Longhini and Access 4 All's motion for leave to amend their complaint **(ECF No. 21) is GRANTED**.  They may file an amended complaint by April 3, 2026.  Failure to file an amended complaint by that date will result in this case being dismissed without prejudice and closed.

DATED this 13th day of March, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

4